E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendants, Martin J. Walsh, Secretary of the U.S. Department of Labor, and Office of Workers' Compensation Programs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD ROCHON,<br><br>Plaintiff,<br><br>v.<br><br>R. ALEXANDER ACOSTA,[1] Secretary of the U.S. Department of Labor, et al.,<br><br>Defendants. | Case No. 8:17-cv-00959-JAK-SHK<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION FOR RECONSIDERATION (ECF 52) AND RELATED SUPPLEMENTAL MOTIONS (ECF 54-60, 63)<br><br><u>No hearing date set (ECF 64)</u><br><br>Hon. Shashi H. Kewalramani<br>United States Magistrate Judge |

---

[1] The present Secretary of Labor is Martin Walsh, and is substituted for his predecessor, R. Alexander Acosta. *See* Fed. R. Civ. P. 25(d).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On June 5, 2017, Plaintiff Donald Rochon ("Plaintiff") brought this suit against the Secretary of the United States Department of Labor ("DOL") and the Office of Workers' Compensation Programs ("OWCP"), under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* Plaintiff argues that DOL erroneously based his FECA compensation benefits on the pay rate at the time his disability began in 1990, rather than the date of his official retirement in 2007. Essentially, Plaintiff alleges that OWCP and the Employees' Compensation Appeals Board ("ECAB") decision, which affirmed OWCP's pay rate calculation for purposes of FECA compensation, improperly ignored a 2010 Settlement Agreement regarding the date used to determine his pay rate. By the current lawsuit, Plaintiff seeks to have the Court compel DOL to base his pay rate on the 2007 amount, and overturn ECAB's November 16, 2016 decision.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Defendants' Motion to Dismiss

On September 22, 2017, Defendants filed a Motion to Dismiss based on lack of jurisdiction because judicial review of FECA benefits determinations are expressly precluded by 5 U.S.C. § 8128(b). (ECF 16.) Plaintiff filed an Opposition. (ECF 18.)

On August 28, 2018, this Court issued a Report and Recommendation, finding that the Court lacks subject-matter jurisdiction. (ECF 19.) Plaintiff filed "Objections," arguing that his claims fall within two exceptions to the FECA statute and are therefore subject to judicial review. (ECF 21.) However, as set forth in Defendants' Reply, although Plaintiff attempted to characterize his claims as statutory and constitutional violations to avoid dismissal, the fact remained that Plaintiff sought to have the Court review the OWCP and ECAB decisions regarding his FECA benefits. Thus, the Court has no jurisdiction. (ECF 24.) The District Court subsequently accepted this Court's R & R and dismissed Plaintiff's case, with prejudice. (ECF 26, 27.)

### B. Plaintiff's First Motion for Reconsideration

On October 11, 2018, Plaintiff filed a Motion for Reconsideration (ECF 28) and subsequently filed an Amended Motion for Reconsideration (ECF 30). That motion argued that there was "newly obtained" evidence because Defendants somehow deceived the Court by not referencing the DOL OWCP "Procedure Manual," which provides that the Office of Personnel Management ("OPM") has "jurisdiction and is responsible for enforcing" restoration rights under 5 U.S.C. § 8151. ECF 30, at 1-4.

Defendants filed an Opposition (ECF 32), pointing out that the Manual is publicly available online. Moreover, the Manual provides no basis for jurisdiction in the District Court. The Manual states that § 8151 of FECA provides restoration rights for injured employees and is administered by OPM. *See* Manual, 8-100(4)(a)(6). It also states that OPM has jurisdiction and is responsible for enforcing the regulations regarding restoration rights, not the DOL or OWCP. *See* Manual, 8-100(7)(a). Therefore, Plaintiff failed to identify any new or material difference in fact or law that would warrant reconsideration. Plaintiff filed a Reply (ECF 33) and the Court took the motion under submission (ECF 34). On September 16, 2019, the District Court issued an Order denying Plaintiff's motion. (ECF 38.)

### C. Plaintiff's Second Motion for Reconsideration

On October 9, 2019, Plaintiff filed a second Motion for Reconsideration (ECF 39), apparently based a "material difference in law determined by the 9th Circuit Court precedent August 14, 2018" in the case of *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018). (ECF 39, at 3.) Defendants filed an Opposition (ECF 42), arguing that *Lanuza* was decided in August 2018, before Plaintiff filed his objections to the R&R in September 2018 (ECF 21), and his first Motion for Reconsideration in October 2018 (ECF 28, 30). Plaintiff offered no explanation as to why, "in the exercise of reasonable diligence," this legal argument "could not have been known" to Plaintiff sooner. Defendants also distinguished *Lanuza* from Plaintiff's case. Plaintiff filed a Reply (ECF 43), and a supplemental reply (ECF 44, 45).

On March 4, 2020, Plaintiff filed a Motion for Preliminary Injunction, asking the Court to make an "emergency ruling that 5 U.S.C. § 8128(b) is not immunity to U.S. Code Title 18 Federal Crimes Prosecution," and "'STOP' the Secretary from illegally running out the clock statute of limitation to expire July 2020 for a verified July 23, 2015, final criminal conspiracy act without a full review by federal prosecutors for the CVRA." (ECF 46.) The District Court referred the matter to this Court for preparation of a proposed Order (ECF 47) and vacated the hearing (ECF 48).

On September 21, 2020, based on this Court's recommendation, the District Court issued an Order denying Plaintiff's Second Motion for Reconsideration and the Motion for Preliminary Injunction, concluding for a third time that it lacked subject-matter jurisdiction over this matter. (ECF 51.)

### D.  Plaintiff's Third Motion for Reconsideration

On October 15, 2020, Plaintiff filed a Third Motion for Reconsideration. (ECF 52.) The next day, this Court vacated the schedule and hearing date set for Plaintiff's motion and took the matter under submission. There was no order for any further briefing on the matter at that time. (ECF 53.) Over the next fifteen months, Plaintiff filed seven "supplemental pleadings" or "supplemental motions" (ECF 54-60.)

On February 23, 2022, Plaintiff filed a request for a Status Conference. (ECF 61.) This Court took the proposed date off calendar. (ECF 62.)

On June 8, 2022, Plaintiff filed an eighth "supplemental pleading." (ECF 63.)

On September 26, 2022, this Court issued an Order denying Plaintiff's "Motion for a Status Conference" and ordering Defendants to file a response to Plaintiff's Third Motion for Reconsideration. (ECF 64.)

### III.  ARGUMENT

The thrust of Plaintiff's Complaint, as well as his Requests for Reconsideration, including this Third Request (ECF 52), is that OWCP improperly relied on a 1990 Settlement between his Employing Agency, the FBI, and the Office of Personnel Management ("OPM") in determining his payrate. In support of his Motion, Plaintiff

3

has submitted "Supplemental Motions" based on the following:

1) 9th Circuit 11/20/20 "new legal precedent that *Bivens* remedy applies to First Amendment Retaliation claim." (ECF 54)

2) Supreme Court 12/10/20 "legal precedent First Amendment Religious Rights Violation applies to Plaintiff's damages." (ECF 55)

3) President Biden's 1/20/21 "Executive Order on 'Racial Equity' that applies to Defendants in this Civil Rights Suit for 'Racial Equality.'" (ECF 56)

4) Defendants' 10/29/20 "civil discovery that reaffirmed 5 U.S.C. 8101(4) recurrence disability benefits effective 4/8/12 for 20 C.F.R. 10.15." (ECF 57)

5) U.S. Supreme Court Precedent 6/25/21 "District Court Article III jurisdiction now for statutory mandates violation concrete damages in any civil lawsuit claims." (ECF 58)

6) U.S. Supreme Court 11/5/21 "change of facts and law applies also to this civil rights lawsuit." (ECF 59)

7) U.S. Solicitor General's Brief 12/23/21 to Supreme Court "also supports here Plaintiff's Supplemental Pleading 11/8/21 (ECF 59)." (ECF 60)

8) U.S. Supreme Court 6/8/22 Decision "supports Plaintiff's ECF 55, 59, 60 instead of the *Bivens* Remedy for individual capacity Damages". (ECF 63)

These submissions by Plaintiff fail to assert any relevant facts or legal theories, and Plaintiff's continued Request for Reconsideration should be denied.

### A. The District Court Correctly Held that it Had No Jurisdiction to Review the Merits of Plaintiff's FECA Claim

The Fourth Supplemental Motion (ECF 57) submitted by Plaintiff is a continued and straight forward request for this Court to look at the merits of DOL's determinations regarding his FECA benefits. The Motion cites 5 U.S.C 8181(4) - FECA's provision

providing for monthly pay for recurrence of disability[2] and 20 CFR 10.15[3] -- a regulation which prohibits a FECA claimant from waiving his rights under FECA. Contrary to DOL's findings, Plaintiff believes his pay rate, should be based on a *recurrence* of disability based on his 2007 pay and that DOL decided to ignore the terms of the 2010 Settlement Agreement, and instead based his disability compensation on his payrate in 1990, the date of his original injury. (SAC at 24, 26, 27.) Assuming Plaintiff is citing these provisions to allege DOL's improper determination of FECA benefits, Plaintiff not only fails to establish any impropriety on the part of DOL, but also fails to address this Court's proper determination that it lacked subject matter jurisdiction to review DOL's findings. *See* 5 U.S.C. § 8128(b). As the Court found in adopting the Report and Recommendation:

> Though couched in terms of statutory and constitutional violations, Plaintiff's core claims seek relief for decisions by the Office of Workers' Compensation Program ("OWCP") and the Employees' Compensation Appeals Board ("ECAB"), where Plaintiff claims that the OWCP and ECAB improperly calculated his retirement benefits under the Federal Employment Compensation Act ("FECA") by using a lower base salary number than the one Plaintiff believes should have been used. Because the FECA contains a provision that expressly precludes district court review of its decisions, and neither the constitutional nor statutory arguments are supported by the allegations, this Court grants Defendants' Motion to

---

[2] 5 U.S.C. § 8101(4) states: "'monthly pay' means the monthly pay at the time of injury, or the monthly pay at the time compensable disability recurs, if the recurrence begins more than 6 months after the injured employee resumes regular full-time employment with the United States, whichever is greater, except when otherwise determined under section 8113 of this title with respect to any period."

[3] FECA regulations at 20 C.F.R. § 10.15 provides that: "No employer or other person may require an employee or other claimant to enter into any agreement, either before or after an injury or death, to waive his or her right to claim compensation under the FECA. No waiver of compensation rights shall be valid."

Dismiss ("MTD") pursuant to Federal Rule of Civil Procedure 12(b)(1) because does not have subject-matter jurisdiction over this matter. (ECF 19 at 2; ECF 26, 27.)

This Court also previously noted that Plaintiff's repeated reference to his two Settlement Agreements with other agencies (which did not include OWCP) were irrelevant to determining his pay ray rate under FECA. The Court noted "[w]hile [the 2010 Settlement Agreement's] terms are in regard to retirement benefits, this in no way impacts his FECA compensation." (ECF 16-1, ECAB Order at 7; ECF 19 at 14-15.) DOL records did not show that Plaintiff ever actually returned to work following his original injury, and therefore his FECA benefits were based on his payrate in 1990. (ECAB Order at 4-5.) The 2010 Settlement Agreement was an administrative determination between OPM and Plaintiff which solely affected his retirement benefits. Plaintiff's newest submission (ECF 57) in no way proves that DOL's determination was improper, and more importantly does not address the district court's determination that it lacked subject matter jurisdiction. 5 U.S.C. § 8128(b).

### B. Plaintiff has Failed to Assert a Bivens Claim

In an attempt to circumvent 5 U.S.C. § 8128(b), Plaintiff's Second Amended Complaint ("SAC") alleged Constitutional violations of the First, Fifth and Eighth Amendments. These violations included alleged malicious race harassment, discrimination, and retaliation; and also, alleged violations of clear statutory mandates owed to Plaintiff by the Defendants. (SAC at 23.) The District Court dismissed the SAC finding that Plaintiff failed to substantiate any violation of a clear statutory mandate by OWCP by ignoring the 2010 settlement agreements in determining the FECA pay rate. (ECF 19 at 14-15.) With respect to alleged violations of the First Amendment, the Court found "assuming, the truth of Plaintiff's allegations in the SAC, the activity alleged against Defendants evidence "bad-mouthing" at best, and "verbal threats" at worst. Therefore, the allegations were insufficient to sustain a First Amendment retaliation claim." (*Id*. at 16.) Next, the Court found that Plaintiff's allegations of Fifth Amendment

6

violations failed as the FECA administrative procedures ensured due process. (*Id.* at 17.) Lastly, the Court found that Plaintiff had failed to submit any evidence to support a claim for a violation of the Eighth Amendment. (*Id*. at 17.)

Plaintiff has now rephrased his allegations of Constitutional violations asking for remedies under *Bivens*. The bulk of Plaintiff's newest submissions (ECF 54, 55, 58, 59, 60 and 63) are submitted in support of his claim alleging *Bivens* violations for racist remarks and retaliation claims based on religious freedom. Other submissions suggest that his due process was violated by OWCP failing to follow its statutory mandates (ECF 58) and that OWCP violated his Equal Protection under the law by failing to advance racial equity (ECF 56).

While documents submitted by Plaintiff support that *Bivens* claims – in general - may be brought against federal employees, including claims for retaliation based on religious freedom, Plaintiff has not met the burden of establishing a *Bivens* claim *under the facts of this case.*

The Supreme Court has held that, in certain circumstances, "the victim of a constitutional violation by a federal agent has a right to recover damages against the agent in federal court." *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the District Court has already found in this case that, Plaintiff's unsupported allegations do not rise to the level of constitutional violations. (ECF 19, 26, 27.)  Plaintiff's submissions offer no new basis for finding a constitutional violation in this case. In order to pursue a *Bivens* type remedy, Plaintiff must first establish a constitutional violation and he has failed to do so. *See generally, Bell v. Hood,* 327 U.S. 678, 682-83, (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). As previously found by the district court, Plaintiff has failed to establish violations based on a violation of a statutory mandate or 1st or 5th Amendments. (ECF 19, 26, 27).

Plaintiff's *Bivens* claims must also fail as he has brought this complaint against DOL, and the OWCP, and not against individual DOL employees and *Bivens* type remedies cannot be brought against federal agencies. *F.D.I.C. v Meyer*, 510 U.S. 471 (1994); *Rodriguez v. Swartz*, 899 F. 3d 719, 737 (9th Cir. 2018).

Lastly, courts are reluctant to offer *Bivens* remedies and have denied extending those remedies in instances where plaintiffs have an alternative, existing process for protecting their constitutional rights. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). As the Ninth Circuit found in *Ponce v. U.S. Government,* 667 Fed Appx. 921 (unpublished 2016) a *Bivens* remedy is inappropriate in situations involving unhappy FECA claimants because "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Id.* at 922; *see also Schweiker v. Chilicky*, 487 U.S. 412, 423, (1988); *Swartz* at 737.

## IV.  CONCLUSION

Accordingly, Plaintiff's Third Motion for Reconsideration, and supplemental "motions" should be denied.

Respectfully submitted,

Dated:  October 25, 2022

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Alarice M. Medrano*

ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendants, Martin J. Walsh, Secretary of the U.S. Department of Labor, and Office of Workers' Compensation Programs